UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD KAMILCHU, | No. 2:18-cv-3266 DB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his rights were violated in connection with a 2010 driving under the influence ("DUI") arrest and related court proceedings. Presently before the court is plaintiff's amended complaint for screening. (ECF No. 14.) For the reasons set forth below, the court will dismiss the amended complaint with leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

Plaintiff has named Sacramento County as the only defendant in his amended complaint. (ECF No. 14 at 1-2.) As set forth in detail below, plaintiff has identified three separate claims in the amended complaint. Claim one repeats the allegations presented in the original complaint and claims two and three contain new allegations that were not alleged in the original complaint.

### A. Claim I – August 15, 2010 Arrest

Plaintiff states that on August 15, 2010 he was driving his older brother in rental car because his car was being serviced at the dealership. (Id. at 4.) He alleges that he lost control of the car and hit a curb. He called a tow truck and a family member to pick him and his brother up.

He states two CHP officers arrived and made a report. He claims officer Blankenship was holding his driver's license and asked him if he was Russian. Plaintiff stated, "What difference would it make." Plaintiff claims that after his reply Blankenship accused him of driving under the influence. Plaintiff states that he passed a field sobriety test and breathalyzer, but Blankenship decided plaintiff needed to be taken to jail for a blood draw and that his brother would be arrested for being drunk in public.

Plaintiff claims that while he was in the back of the car, Blankenship turned off his recording device and made racist and threatening statements. (Id. at 5.) He claims that after arriving at the jail and having his blood drawn he was led into a room where he was searched. He states he was then assaulted by approximately seven deputies. He alleges that while this was happening the CHP officer that ordered the assault was looking through the window with a grin

////

3

on his face. Plaintiff also claims officers stated, "'You're lucky we didn't bring you to a back room with no cameras and killed you.'"

He further states that he had an attorney subpoena video footage of several incidents that night, including footage of the CHP officer's handling the blood draw. He claims his blood vial was tossed into the trash bin, another one was picked up, and plaintiff's name label was stuck onto the other vial.

Plaintiff claims that his public defender Sunny Paley told him his trial was set on March 7, 2014. (Id. at 6.) Plaintiff alleges he moved out of California after the arrest and returned to Sacramento for the trial. When he arrived, he did not see his attorney, he was not able to reach her by phone, and his name was not on the calendar. He claims a bailiff instructed him to wait.

He alleges that once he was the last person left in the courtroom, several deputies blocked the exit. (Id.) He claims the judge stepped down and a new judge sat down. He claims he does not recall if the district attorney or other court personnel were ordered to leave or replaced by others. He was told to stand in front of the judge without his attorney. He also claims the judge stated, "'Mr. Kamilchu you have no rights, you won[']t be getting a jury trial, we can incarserate you indefinitely without a cause. If you don't plead guilty to these charges.'" Plaintiff alleges that he was forced and intimidated by the county to plead guilty to the charges.

**B. Claim II and III**

Plaintiff alleges that on November 13, 2018, he was transported from jail to family court. (Id. at 7.) Plaintiff states he was shackled by his ankles and wrists and left "in a cold/hard holding tank for about three hours." Plaintiff alleges he was never called out to court. Plaintiff states: "I feel like the sheriff's department has cast [judgment] on me do to my charges and prior incidents with sheriffs department and by the sheriffs department staff 'using my physical disabilities for retaliation harassment purposes' to keep me from my rights to attend my family court hearings."

Plaintiff states on July 15, 2019, he was again called out for court and placed in a holding tank. (Id. at 8.) He alleges that he was one of the last ones to be called out to court because he had to limp up two flights of stairs. He states that by the time he arrived his mind was on his pain rather than the court proceedings. Plaintiff states that because he was forced to sit on a metal

bench in tiny crowded cells for approximately seven or eight hours and climb two flights of stairs on July 15, 2019 he was unable to go to court on July 17, 2019 because of his pain and immobility.

Plaintiff claims jail officials know he should not use the stairs because he has a spinal injury, a hernia, and foot injuries. Plaintiff also claims jail officials are using information from the grievance process, that should be confidential, to harass and manipulate rather than provide help.

### C. Claim III

Plaintiff claims he requires to be housed on a lower tier and have a lower bunk. (Id. at 9.) Plaintiff states that at some point he was housed with another inmate that also required a lower bunk. Plaintiff informed officers but was not moved to a different cell. Plaintiff later fell out of the bunk. He was seen by a doctor; however, he claims that he did not receive the prescribed treatment. Plaintiff alleges "the SCSD or Sac County has been using" his injuries to manipulate, harass, and torture him. He also claims they have used his injury to restrict his access to the courts.

## III. Does Plaintiff State a Claim under § 1983?

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law").

### A. Monell Claim

In the amended complaint, plaintiff has named only Sacramento County as a defendant. (ECF No. 12 at 1-2.)

The U.S. Supreme Court has held that local governmental entities, e.g., cities, counties, and local officers sued in their official capacity, are "persons" for purposes of section 1983, rendering them directly liable for constitutional violations if carried out pursuant to local policies

or customs. <u>McMillian v. Monroe County</u>, 520 U.S. 781, 784-85 (1997); <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690-92 (1978). Accordingly, the County may be considered a person under § 1983. However, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." <u>Monell</u>, 436 U.S. at 691. "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 123 (1992) (original emphasis), citing <u>Monell</u>, 436 U.S. at 694-5. Accordingly, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." <u>Monell</u>, 436 U.S. at 694. A local government entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." <u>Collins</u>, 503 U.S. at 123.

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved." <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985).

Plaintiff's complaint fails to identify any official policy or custom that caused the alleged constitutional violations. Plaintiff has claimed that his rights were violated by various individual employees, but he has not presented any allegations showing there was an existing policy or custom those employees were following that caused the violations. Thus, the allegations fail to state a claim against Sacramento County. <u>Davis v. City of Ellensburg</u>, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.").

////

**B. New Claims Regarding Allegations Related to Conditions of Confinement**

For the first time in the amended complaint plaintiff has stated allegations related to his current confinement. (ECF No. 14 at 7-9.) Plaintiff claims he was subjected to harsh conditions while waiting to attend family court and he was injured when he fell out of bed and has not received proper medical treatment.

Plaintiff may not change the nature of his suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Additionally, separate claims against different defendants belong in different suits. See Id. ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.) (citing 28 U.S.C. § 19195(g)).

Accordingly, the court will not address the allegations presented in claims two and three. They were not mentioned in his original complaint and they do not relate to the events described in the original complaint and repeated again in claim one of amended complaint. If plaintiff feels that his rights have been violated based on the allegations contained in claims two and three he may file a separate civil rights action.

**IV. Filing an Amended Complaint**

As set forth above, plaintiff has failed to state a cognizable claim. However, he will be given the opportunity to file an amended complaint. In any amended complaint, plaintiff must adhere to the following standards for stating claims for relief under § 1983.

- Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. To state a claim for relief under §1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- Plaintiff must make a short, plain statement of the facts supporting each claim. <u>See</u> Fed. R. Civ. P. 8(a). The complaint must contain more that a formulaic recitation of the elements of a cause of action. <u>Bell Atlantic Corp.</u>, 550 U.S. at 555.
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). Each separate claim should be contained in a separate, numbered set of paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." <u>George</u>, 507 F.3d at 607 (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.
- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.

////

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).
- Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 14) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 4, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/kami3266.scrn2